# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATALINA GONTES,<br><br>                Plaintiff,<br><br>     v.<br><br>NANCY A, BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 16-00379-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On March 2, 2016, Catalina Gontes ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on June 9, 2016. On December 15, 2016, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 48-year-old female who applied for Supplemental Security Income benefits on September 17, 2012, alleging disability beginning March 14, 2012. (AR 13.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 17, 2012, the application date. (AR 15.)

Plaintiff's claim was denied initially on November 30, 2012, and on reconsideration on May 31, 2013. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Lawrence J. Duran on April 14, 2014, in San Bernardino, California. (AR 13.) Plaintiff appeared and testified at the hearing without the assistance of an attorney or other representative. (AR 13.) Vocational expert ("VE") Elizabeth G. Brown-Ramos also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on July 21, 2014. (AR 13-23.) The Appeals Council denied review on January 5, 2016. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ has properly considered and assessed the relevant medical evidence of record in this case supporting Plaintiff's claim of disability.
2. Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed her credibility.
3. Whether the ALJ's decision at step number five is supported by substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

2

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 17, 2012, the application date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: bilateral carpal tunnel syndrome status post left carpal tunnel release,

4

lumbar degenerative joint disease, discogenic disease at L5-S1, lumbar spondylosis, lumbosacral radiculitis, cervical radiculitis and spondylosis, obstructive sleep apnea, left knee degenerative joint disease, hiatal hernia with mild gastroesophageal reflux, pain disorder, borderline diabetes mellitus, macular hole left eye, and incipient cataract and pinguecula both eyes, obesity, borderline intellectual functioning, and depressive disorder. (AR 15-16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16-17.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> . . . except lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing, and/or walking six hours out of an eight-hour workday; occasionally climbing, balancing, and stooping to knee level; never kneeling, crouching, or crawling; frequently handling and fingering; not capable of performing fast pace work; not capable of having intense interaction with coworkers, supervisors, and the public; not capable of engaging in intense concentration more than two hours without a five-minute break in focus; she may be absent or off task 5% of the time; and not capable of viewing objects moving from left to right.

(AR 17-22.) In determining the above RFC, the ALJ made an adverse credibility determination. (AR 19-20.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 22.) The ALJ, however, also found that, considering Claimant's age, education and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of folder (laundry), folder machine operator and bagger. (AR 22-23.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 23.)

**DISCUSSION**

## I. THE ALJ PROPERLY TREATED THE MEDICAL EVIDENCE

Plaintiff contends that the ALJ erred in evaluating the medical evidence. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495

F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff Catalina Gontes has numerous impairments, including carpal tunnel syndrome, lumbar and cervical spondylosis and radiculitis, left knee degenerative joint disease, and vision difficulties. (AR 15.) The ALJ, however, concluded that Plaintiff could perform a reduced range of light work. (AR 17.) Plaintiff contends that the ALJ failed to evaluate the medical evidence properly. The Court disagrees.

No medical source opined that Plaintiff was disabled or found functional limitations more restrictive than the ALJ's RFC. (AR 22.) Pain management specialist Dr. Navdeep Loomba treated Plaintiff throughout 2012 and on December 28, 2012, found that, despite her impairments, she was in no acute distress with good range of motion in her upper and lower extremities. (AR 20, 336-337.) She had 5/5 motor strength and negative straight leg raising. (AR 336.) Dr. Loomba diagnosed lumbosacral and cervical radiculitis and spondylosis and carpal tunnel syndrome. (AR 20, 337.) He recommended and prescribed medication, wrist supports for Plaintiff's carpal tunnel syndrome and facet blocks for her cervical spondylosis.

(AR 20, 337.) Dr. Loomba made similar findings on other examinations from January 2012 to December 2012. (AR 339-371.)

State agency physician reviewers found Plaintiff able to perform a reduced range of light work. (AR 20-21.) This was the opinion of Dr. F. Kalmar (AR 90-92), Dr. Tsoulos (AR 125-127)**,** and Dr. Hartman (AR 139-141). They did limit Plaintiff to frequent but not constant fine and gross manipulation bilaterally. (AR 92, 126, 140.) Objective diagnostic evidence supports these medical opinions. X-ray and diagnostic imaging showed discogenic disease and mild osteoarthritis of the lumbar spine and minimal osteoarthritis on the medial side of the left knee. (AR 20.)

Dr. Rosa Colonna, Plaintiff's consulting psychologist, found only mild psychological symptoms. Dr. Colonna concluded that Plaintiff could carry out simple instructions without difficulty and has only a mild inability to carry out detailed instructions and a mild attention span diminishment. (AR 21-22.) The ALJ accommodated these mental limitations and Plaintiff's subjective pain and fatigue allegations by providing in the RFC that she is not capable of intense interaction with co-workers, supervisors, and the public, not capable of intense concentration more than two hours without a five minute break, and she may be off task 5% of the time. (AR 17.)

Plaintiff's primary argument concerns her vision. The ALJ found that Plaintiff has the impairments of macular hole left eye and incipient cataract and pinguecula in both eyes. (AR 15.) The ALJ also found that Plaintiff has decreased visual acuity in the left eye, but her right eye was 20/20. (AR 20.) The ALJ accommodated Plaintiff's left eye impairment by imposing the restriction of not capable of viewing objects moving from left to right. (AR 17, 21.)

Plaintiff challenges the ALJ's vision findings and the RFC visual limitation described above. Plaintiff asserts she is effectively blind in her right eye, would have a substantially reduced vision field and a limited ability to judge depth perception. These limitations, Plaintiff contends, result from her essentially monocular vision. She further contends that she cannot satisfy the frequent or occasional near acuity requirements of two of the three jobs identified by the VE (folder and folding machine operator). (AR 23.)

Plaintiff, however, cites no medical or other evidence supporting her vision allegations other than her own assessment. The ALJ, as discussed in the next section, found Plaintiff less than credible. (AR 18, 19, 20.) The ALJ cited daily activities that include driving a car for 30 miles, housecleaning, cooking, doing dishes and laundry, taking her kids to school, going out alone and shopping, watching television, and playing games on her phone. (AR 18-19.) Dr. Colonna, the consulting psychologist, reported that Plaintiff had a valid California driver's license and drove herself independently to the examination. (AR 21.) Daily activities that are inconsistent with allegedly disabling limitations is a legitimate consideration in evaluating credibility. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ noted Plaintiff's decreased visual acuity in her left eye (AR 20) but reasonably found, based on Plaintiff's daily activities as described above, that she could perform the jobs identified by the VE. Additionally, Plaintiff did not contend her vision impairments would preclude her from performing the third job of bagger identified by the VE. (AR 23.) The Dictionary of Occupational Titles ("DOT") contains no near acuity requirement for the bagger job. (DOT 920.687-018.)

Plaintiff disagrees with the ALJ's assessment of her vision, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001.)

The same analysis applies to Plaintiff's complaints about hypothyroidism, fatigue, upper extremity impairments (primarily carpal tunnel syndrome), pain, and her assertion that she would be off task 10% of the time. Again, however, Plaintiff cites no medical opinion or diagnostic evidence to support her allegations of disabling limitations that result from her impairments. The existence of an impairment is not per se disabling; there must be proof of the impairment's disabling severity. Sample v. Schweiker, 649 F.2d 639, 642 (9th Cir. 1982). The ALJ relied on the medical opinion and diagnostic evidence which supports his reduced range of light work RFC.

The ALJ did not err in considering the medical evidence. The ALJ accommodated Plaintiff's limitations to the extent warranted by the medical and other evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ erred in discounting her alleged subjective symptoms. The Court disagrees.

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell, 947 F.2d at 346; see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 19.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her alleged symptoms were "not entirely credible." (AR 20.) Because the

ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the objective medical evidence. (AR 19, 21, 22.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). As noted above, no medical source endorses the extent of Claimant's allegations or limitations more restrictive than the ALJ's RFC. (AR 22.) Objective findings, including physical examinations and diagnostic images, also are consistent with the ALJ's RFC. (AR 21.) The Court already has rejected Plaintiff's assertion that the ALJ erred in evaluating the medical evidence.

Second, the ALJ found that Plaintiff received routine and conservative treatment for bilateral carpal tunnel syndrome, lumbar and cervical radiculitis and spondylosis, left knee degenerative disease, pain disorder, and decreased vision. (AR 20.) Her treatment included medication, cortisone injections, and cervical facet blocks. (AR 20.) The ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Impairments that can be controlled effectively with medication and treatment are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ also found that Claimant received routine and conservative mental health treatment, with no documented psychiatric treatment or hospitalization. (AR 21, 22.)

Third, as noted above in Section I, the ALJ found that Claimant engaged in a somewhat normal level of daily activity and social interaction consistent with the ALJ's RFC. (AR 19, 21, 22.) Again, daily activities inconsistent with disabling limitations is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46. Claimant's subjective symptom allegations are inconsistent with her conduct. Light v. Social Sec. Adm., 199 F.3d 789, 792 (9th Cir. 1997); Thomas, 278 F.3d at 958-59.

Plaintiff disputes the ALJ's credibility finding but again it is the ALJ who has the responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ rejected Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

### III. THE ALJ'S STEP FIVE FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE

At the fifth step of the sequential process, the ALJ concluded that Claimant is capable of performing jobs that exist in significant numbers in the national economy, including laundry folder (DOT 369.687-018), folding machine operator (DOT 208.685-014), and bagger (DOT 920.687-018). (AR 23.) In reaching that conclusion, the ALJ relied on the testimony of the VE at the hearing (AR 58-59) and on the VE's interrogatory responses submitted after the hearing (AR 268-269). The Ninth Circuit has held that 1,300 jobs in a state constitute a significant number of jobs, Thomas, 278 F.3d at 960, and 25,000 jobs meets the statutory standard for a significant number of jobs nationally. Gutierrez v. Commissioner of Social Sec., 740 F.3d 519, 528 (9th Cir. 2014). Either is sufficient. Id. at 523-24. Here, the VE testified that the jobs available in each occupation were significant — folder (1,500 local, 175,000 nationally), folding machine operator (900 local, 110,000 nationally), and bagger (1,000 local, 95,000 nationally). (AR 23.)

The Ninth Circuit has held that a VE's "recognized expertise provides the necessary foundation for his or her testimony" and therefore "no additional foundation is required." Bayliss, 427 F.3d at 1218. The VE, moreover, testified that she based her testimony on her use of various vocational resources, including the Dictionary of Occupational Titles and the companion publication Selected Characteristics of Occupations, and her more than 30 years' experience in vocational counseling. (AR 59.) Plaintiff contends that the ALJ erred in relying on the VE's testimony. The Court disagrees.

Plaintiff argues in conclusory fashion that, given the totality of her limitations, she cannot perform the jobs identified by the VE. The ALJ, however, concluded that Plaintiff can perform a reduced range of light work. The Court has upheld the ALJ's RFC. The jobs identified by the VE are consistent with the ALJ's RFC. There was no error.

Plaintiff's primary argument is that the VE's testimony about the number of jobs in each occupation is unreliable, citing 2012 data from the U.S. Department of Labor Bureau of Census Statistics which was presented here for the first time after the adverse decision. This vocational resource, however, is not listed as a recognized vocational resource in the regulations. See 20 C.F.R. § 416.966(e). Plaintiff, moreover, is not a vocational expert and her assessment of the raw vocational data is not supported by any analysis from a VE. See Cardone v. Colvin, 2014 WL 1516537, at *5 (C.D. Cal. April 18, 2014) (lay assessment of alternate data does not undermine reliability of VE testimony). Even if the resource cited by Plaintiff were treated as a recognized vocational resource and considered substantial evidence, at best it would support an alternate finding regarding the number of jobs available in each of the identified occupations. The key issue, however, is whether there is substantial evidence to support the ALJ's finding, Jamerson v. Chater, 112 F.3d 1064, 1067 (9th Cir. 1997), not whether there is an alternate interpretation of the evidence.

The ALJ's step five finding is supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 13, 2017            */s/ John E. McDermott*
                                           JOHN E. MCDERMOTT
                             UNITED STATES MAGISTRATE JUDGE